**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

| | |
|---|---|
| **LOUIS J. PEARLMAN, et al.,** | **Case No.: 6:07-bk-00761-ABB** |
| | **Chapter 11** |
| **Debtors,** | **Jointly Administered** |

_____/

**SONEET R. KAPILA, as CHAPTER 11**
**TRUSTEE for TRANS CONTINENTAL**
**AIRLINES, INC.,**

     **Plaintiff,**

v.                                                          **Adv. P. No. 6:09-ap-_____**

**SUNTRUST MORTGAGE, INC.**

     **Defendant.**

_____/

**COMPLAINT TO AVOID AND RECOVER**
**FRAUDULENT TRANSFERS AND FOR OTHER RELIEF**

Plaintiff, Soneet R. Kapila, as the Chapter 11 Trustee ("Trustee" and/or "Plaintiff") for the bankruptcy estate of Trans Continental Airlines, Inc. ("TCA" or "Debtor") in Case No. 6:07-bk-00762-ABB, by and through his undersigned counsel, files his Complaint to Avoid and Recover Fraudulent Transfers and for Other Relief against SunTrust Mortgage, Inc. ("SunTrust" and/or "Defendant"), and alleges as follows:

**NATURE OF ACTION**

1.     This is an adversary proceeding seeking to avoid and recover actual fraudulent transfers made to Defendant pursuant to Sections 544, 548 and 550 of the Bankruptcy Code, Chapter 726, Florida Statutes, and Fed. R. Bankr. P. 7001.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

3.      Venue is proper pursuant to 28 U.S.C. § 1409.

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O).

## THE PARTIES

5.      Plaintiff is the court-appointed Chapter 11 Trustee for the bankruptcy estate of TCA.

6.      Defendant is a Virginia corporation conducting business within this judicial district.

7.      Defendant improperly received funds and property traceable to TCA and the Trustee seeks, *inter alia*, to avoid and recover these transfers under the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.* ("FUFTA").

## FACTUAL BACKGROUND

8.      On March 1, 2007 (the "Petition Date"), Tatonka Capital Corporation, Integra Bank, National Association, American Bank of St. Paul, and First National Bank & Trust Company of Williston (collectively, the "Petitioning Creditors") filed against TCA an involuntary petition under Chapter 11 of the Bankruptcy Code.

9.      On March 8, 2007, the Petitioning Creditors filed an emergency motion for appointment of a Chapter 11 trustee (Dkt. No. 5; the "Emergency Motion"). As set forth in the Emergency Motion, upon information and belief, TCA has been involved in one of the largest

"Ponzi" schemes in the State of Florida based on fraudulent investments offered in connection with TCA, among other things.

10.    On March 16, 2007, this Court entered its Order Directing the Appointment of Chapter 11 Trustee (Dkt. No. 24).

11.    On March 27, 2007, the United States Trustee filed its Notice of Appointment of Trustee (Dkt. No. 28), appointing Plaintiff as the Chapter 11 Trustee for TCA.

12.    On March 30, 2007, this Court entered its Order Approving the Chapter 11 Trustee's appointment (Dkt. No. 31).

13.    On April 5, 2007, this Court entered its Order for Relief for TCA (Dkt. No. 39; the "Order for Relief").

## THE EISA PROGRAM SCHEME

14.    From as early as 1989 through January 2007, TCA, by and through its  president, Louis J. Pearlman ("Pearlman"), and other control persons of TCA, raised in excess of $300 million from hundreds of investors nationwide.  TCA, through Pearlman, and others, raised such funds by offering investors the "opportunity" to invest their funds into the "Employee Investment Savings Account" program allegedly maintained by TCA (the "EISA Program").

15.    Upon information and belief, the EISA Program was touted by Pearlman and others as being available solely to employees of TCA and their family and friends.  However, upon information and belief, the investors solicited by Pearlman and others were not, with a few exceptions, employees or family members of employees of TCA.

16.    Upon information and belief, Pearlman and others promised prospective and existing investors in the EISA Program that their investments would yield above-market interest rates because such monies were being invested through TCA, which was promoted as a

financially strong and successful charter airline with a net worth of over $100 million. Upon information and belief, Pearlman and others represented to existing and prospective investors in the EISA Program that TCA had significant banking relationships which enabled TCA to achieve these higher than market rates of return on its investments, which higher rates of return could be passed on to the investors.

17.     Upon information and belief, Pearlman and others made several representations to investors and prospective investors in the EISA Program concerning the safety of the investments, including without limitation, that the funds (i) were secure and deposited in individual bank accounts with unique account numbers at United States financial institutions, (ii) were insured by the Federal Deposit Insurance Corporation, (iii) were re-insured by either Lloyds of London or AIG Insurance.

18.     In actuality, the funds were not deposited into individual bank accounts for the investors with individual account numbers. Moreover, the funds did not have FDIC insurance protection, and there was no re-insurance from Lloyds of London, AIG Insurance or any other insurance company.

19.     Rather, the funds received from investors in the EISA Program were deposited into various checking accounts held in the name of TCA and thereafter disbursed to various parties, including certain payments to or for the benefit of the Defendant, as opposed to remaining on deposit for such investors.

20.     Upon information and belief, certain of the funds transferred by investors into the EISA Program were used to repay prior investors and/or pay interest to prior investors in the EISA Program.

21.    Upon information and belief, at all relevant times herein, Pearlman and others knew that the representations being made to the investors in the EISA Program concerning such investments were false and misleading and were intended to induce such investors into transferring their monies to TCA.

### THE BANK FRAUD SCHEME

22.    From as early as 2003 through January 2007, Pearlman, both individually and through various entities owned and/or controlled by Pearlman, borrowed in excess of $150 million in both secured and unsecured loans (collectively, the "Loans") from numerous banks and financial institutions nationwide, including the Petitioning Creditors, HSBC Bank, Bank of America and First International Bank and Trust (collectively, the "Banks").

23.    Upon information and belief, Pearlman created and circulated, including through and with the substantial assistance of others, offering memorandum and similar due diligence materials to one or more of the Banks in an effort to convince the Banks to make the Loans.

24.    The due diligence materials that were prepared and delivered to the Banks in support of the applications for the Loans included, without limitation, financial statements for TCA and other of Pearlman's companies, financial statements of Pearlman individually, and audited financial statements and related reports from the auditing firm of Cohen & Siegel. Among other things, the financial statements for both TCA and Pearlman listed substantial assets and a corresponding substantial net worth for each of TCA and Pearlman.

25.    In fact, all or substantially all of the due diligence materials prepared and delivered to the Banks in support of the applications for the Loans were false and misleading. Among other things, neither TCA nor Pearlman actually had the substantial assets or net worth

evidenced on such financial statements.  Moreover, the auditing firm of Cohen & Siegel was a fiction.  It simply did not exist.

26.    At all relevant times hereunder, Pearlman and others knew or should have known of the false and fictitious nature of the financial and other information being provided to the Banks in support of the Loans, and that such information was intended to induce one or more of the Banks into making the Loans to Pearlman and his companies.

**TRANSFERS TO OR FOR THE BENEFIT OF THE DEFENDANT**

27.    In the four years prior to the Petition Date, TCA transferred to Defendant an amount equal to at least $102,509.96 (the "Four Year Transfers") for the benefit of Michael and Sheila Crudele (the "Crudeles").  *See* attached Exhibit "A".

28.    In the two years prior to the Petition Date, TCA transferred to Defendant an amount equal to at least $2,509.96 (the "Two Year Transfers") for the benefit of the Crudeles. *See* attached Exhibit "B".

29.    TCA did not receive any direct or indirect benefit for either the Four Year Transfers or the Two Year Transfers.  Since the Defendant failed to provide anything to TCA in exchange for either the Four Year Transfers or the Two Year Transfers, it lacked good faith.

30.    TCA was not indebted, directly or indirectly, through a guaranty or otherwise, to the Defendant for any debt.

**COUNT I**
**ACTUAL FRAUD – AVOIDANCE AND RECOVERY OF**
**FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER**
**11 U.S.C. §§ 544(b), 548(a)(1)(A), 550 AND FLORIDA STATUTES 726.01 ET AL.**

31.    Paragraphs 1 through 30 inclusive are realleged and incorporated herein by reference.

32.    This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(A), 550 and Florida Statutes 726.01 *et al.*

33.    Within two years prior to the Petition Date, TCA transferred the Two Year Transfers to or for the benefit of the Defendant.

34.    Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of TCA in property transferred to the Defendant that is voidable under applicable law (in this case under Fla. Stat. §§ 726.105(1)(a) and 726.108) by a creditor holding an unsecured claim.

35.    The Two Year Transfers were made by TCA with the actual intent to hinder, delay or defraud present and future creditors of TCA.

36.    There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

37.    The Two Year Transfers are avoidable, and should be avoided, pursuant to and under 11 U.S.C. §§ 544(b), 548(a)(1)(A) and Florida Statutes 726.01 *et al.*

38.    Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the estate of TCA is authorized to the extent that the Two Year Transfers are avoided under 11 U.S.C. §§ 544(b) and 548(a)(1)(A).

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows: (i) determining that the Two Year Transfers are fraudulent and avoidable pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and avoiding the Two Year Transfers; (ii) entering judgment in favor of the Trustee against Defendant for the amount of the Two Year Transfers, pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment interest from the date of the transfers, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCA or any jointly administered Debtor with TCA, including without limitation, pursuant to and

as provided in 11 U.S.C. § 502(d); and (iv) for such other and further relief as the Court deems just and proper.

### COUNT II
### ACTUAL FRAUD – AVOIDANCE AND RECOVERY OF
### FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER
### 11 U.S.C. §§ 544(b)(1) AND 550 AND FLA. STAT. §§ 726.105(1)(a) AND 726.108

39.     Paragraphs 1 through 30 inclusive are realleged and incorporated herein by reference.

40.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 550, and FUFTA.

41.     Within four years prior to the Petition Date, TCA transferred the Four Year Transfers to or for the benefit of the Defendant.

42.     Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of TCA in property transferred to the Defendant that is voidable under applicable law (in this case under Fla. Stat. §§ 726.105(1)(a) and 726.108) by a creditor holding an unsecured claim.

43.     The Four Year Transfers were made by TCA with the actual intent to hinder, delay or defraud present and future creditors of TCA.

44.     There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

45.     The Four Year Transfers are avoidable, and should be avoided, pursuant to Fla. Stat. § 726.105(1)(a) and 726.108 and 11 U.S.C. § 544(b)(1).

46.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the estate of TCA is authorized to the extent that the Four Year Transfers are avoided under 11 U.S.C. § 544(b)(1) and FUFTA.

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows: (i) determining that the Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §§ 544(b), and avoiding the Four Year Transfers; (ii) entering judgment in favor of the Trustee against Defendant for the amount of the Four Year Transfers, pursuant to Section 550 of the Bankruptcy Code, plus pre-judgment interest from the date of the transfers, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCA or any jointly administered Debtor with TCA, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (iv) for such other and further relief as the Court deems just and proper.

**COUNT III**
**CONSTRUCTIVE FRAUD – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550**

47.     Paragraphs 1 through 30 inclusive are realleged and incorporated herein by reference.

48.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

49.     Within two years prior to the Petition Date, TCA transferred the Two Year Transfers to or for the benefit of the Defendant.

50.     TCA received nothing in exchange for transferring the Two Year Transfers to the Defendant and, as such, the Defendant failed to act in good faith.

51.     At the time of the Two Year Transfers, TCA was insolvent or became insolvent as a result thereof, and remained insolvent continuously thereafter.

52.     At the time of the Two Year Transfers, TCA was engaged or was about to engage in business or a transaction for which the remaining property of TCA constituted an

unreasonably small amount of capital.

53.     At the time of the Two Year Transfers, TCA intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond its ability to pay as they matured.

54.     The Two Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

55.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the estate of TCA is authorized to the extent that the Two Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows: (i) determining that the Two Year Transfers are fraudulent and avoidable under 11 U.S.C. § 548(a)(1)(B); (ii) avoiding the Two Year Transfers and entering judgment in favor of the Trustee against Defendant for the value of the Two Year Transfers, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCA or any jointly administered Debtor with TCA, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (iv) for such other and further relief as the Court deems just and proper.

## COUNT IV
### CONSTRUCTIVE FRAUD – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C. §§ 544(b)(1) AND 550 AND FLA. STAT. §§ 726.105(1)(b), 726.106(1), AND 726.108

56.     Paragraphs 1 through 30 inclusive are realleged and incorporated herein by reference.

57.     This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 550, and FUFTA.

58.     Within four years prior to the applicable Petition Date, TCA transferred the Four Year Transfers to or for the benefit of the Defendant.

59.     TCA received nothing in exchange for the Four Year Transfers and, as such, the Defendant failed to act in good faith.

60.     At the time of the Four Year Transfers, TCA was insolvent and remained insolvent continuously thereafter.

61.     At the time of the Four Year Transfers, TCA was engaged in a business or transaction for which its remaining property constituted an unreasonably small amount of capital in relation to its business or transaction.

62.     At the time of the Four Year Transfers, TCA intended to incur, or believed or reasonably should have believed it would incur, debts that would be beyond its ability to pay as they became due.

63.     There is at least one actual holder of an allowed unsecured claim pursuant to 11 U.S.C. § 502, who would have standing to assert a claim for relief under FUFTA.

64.     The Four Year Transfers are avoidable under Fla. Stat. §§ 726.105(1)(b), 726.106(1), and 726.108(1)(a), and 11 U.S.C. § 544(b)(1).

65.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the estate of TCA is authorized to the extent the Four Year Transfers are avoided under 11 U.S.C. § 544(b)(1) and FUFTA.

**WHEREFORE,** the Trustee demands judgment against the Defendant as follows: (i) determining that the Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §§ 544(b), and avoiding the Four Year Transfers; (ii) entering judgment in favor of the Trustee against Defendant for the amount of the Four Year Transfers, pursuant to Section 550 of the

Bankruptcy Code, plus pre-judgment interest from the date of the transfers, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant may have against TCA or any jointly administered Debtor with TCA, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (iv) for such other and further relief as the Court deems just and proper.

## COUNT V
## UNJUST ENRICHMENT

66.    Paragraphs 1 through 30 inclusive are realleged and incorporated herein by reference.

67.    This is an action for unjust enrichment.

68.    TCA conferred a benefit on the Defendant by making the Two Year Transfers and the Four Year Transfers.

69.    The Defendant knowingly and voluntarily accepted and retained the benefit conferred by TCA.

70.    The circumstances are such that it would be inequitable and unjust for the Defendant to retain the benefit conferred by TCA without paying the Trustee the value thereof.

71.    The Defendant has been unjustly enriched at the expense of TCA's estate (and, ultimately, TCA's investors).

72.    The Trustee is entitled to the return of those amounts in which the Defendant was unjustly enriched through disgorgement or any other appropriate remedy.

**WHEREFORE,** the Trustee demands judgment against the Defendant in the amount of the Two Year Transfers and the Four Year Transfers together with interest and costs, and for such further relief as the Court may deem just and proper.

Dated: March 25, 2009

**GENOVESE JOBLOVE & BATTISTA, P.A.**
Special Counsel for the Trustee
100 S.E. Second Street, Suite 3600
Miami, Florida 33131
Tel.  (305) 349-2300
Fax. (305) 349-2310


By:    /s/Gregory M. Garno
      Paul J. Battista, Esq.
      Florida Bar No. 884162
      pbattista@gjb-law.com
      Gregory M. Garno, Esq.
      Florida Bar No. 087505
      ggarno@gjb-law.com
      Brigette McGrath, Esq.
      Florida Bar No. 030885
      bmcgrath@gjb-law.com

# EXHIBIT "A"

## SunTrust Mortgage, Inc. - Four Year Payments

| Bank ID # | Entity | Statement Clearing Date | Check No. | Payee / Received From | Checks / Credits |
|---|---|---|---|---|---|
| FNBF/FTB 3122 | Trans Continental Airlines, Inc. | 2/17/2005 | 17461 | Suntrust Mortgage, Inc. - #6476 - Crudele | 100,000.00 |
| FNBF/FTB 3122 | Trans Continental Airlines, Inc. | 3/14/2005 | 17709 | Suntrust Mortgage, Inc. - #6476 - Crudele | 2,509.96 |
| | | | | | $ 102,509.96 |

# EXHIBIT "B"

## SunTrust Mortgage, Inc. - Two Year Payments

| Bank ID # | Entity | Statement Clearing Date | Check No. | Payee / Received From | Checks / Credits |
|---|---|---|---|---|---|
| FNBF/FTB 3122 | Trans Continental Airlines, Inc. | 3/14/2005 | 17709 | Suntrust Mortgage, Inc. - | 2,509.96 |
| | | | | $ | 2,509.96 |